*E-FILED - 11/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WELKER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JAMES HARTLEY, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 08-4551 RMW (PR) <br><br> ORDER TO SHOW CAUSE; <br> GRANTING LEAVE TO <br> PROCEED IN FORMA <br> PAUPERIS; DENYING <br> APPOINTMENT OF COUNSEL <br><br> (Docket Nos. 2 & 3) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's application to proceed in forma pauperis (docket no. 2) is GRANTED. The court orders respondent to show cause why a writ of habeas corpus should not be granted and DENIES the motion for appointment of counsel (Docket No. 3).

**BACKGROUND**

According to the petition, in 2006 petitioner was convicted in Santa Clara County Superior Court of continuous sexual abuse of the child following his guilty plea. The trial court sentenced petitioner to a term of 12 years in state prison. On direct appeal, the state appellate court affirmed the judgment, and the state supreme court denied the petition for review. Thereafter, petitioner filed unsuccessful habeas petitions in the state appellate and supreme courts. The instant federal petition was filed on September 30, 2008.

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.08\Welker551osc.wpd          1

**DISCUSSION**

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief petitioner claims that trial counsel was ineffective in (1) failing to object to factors considered at sentencing to increase his sentence; and (2) failing to advise petitioner of the consequences of his conviction under California's Sexually Violent Predator's Act. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.     The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2.     Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse

with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Petitioner's motion for appointment of counsel is DENIED because there are no exceptional circumstances, and because there appears to be no need for an evidentiary hearing. If the circumstances of the case change such that appointment of counsel becomes warranted, the court will appoint counsel sua sponte at that time.

This order terminates docket nos. 2 & 3.

IT IS SO ORDERED.

DATED: __11/7/08_____          _____ for
                                RONALD M. WHYTE
                                United States District Judge