***E-FILED - 11/30/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WELKER, | No. C 08-4551 RMW (PR) |
| Petitioner, | ORDER DENYING MOTION TO RECONSIDER |
| vs. | (Docket No. 36) |
| JAMES HARTLEY, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After ordering the respondent to provide additional transcripts, as requested by the petitioner, on June 9, 2010, respondent stated that he did not have access to the requested transcripts, and noted that those specified hearing dates were never transcribed. On July 2, 2010, petitioner filed a motion to compel respondent to comply. On July 7, 2010, respondent filed his opposition, arguing again that the requested transcripts had not been transcribed and that they were, nevertheless, irrelevant to petitioner's federal claims. Moreover, respondent stated that he had provided the entire state court record as considered by the state courts in petitioner's underlying conviction and sentence. On August 17, 2010, the court issued an order reiterating that the only cognizable claims at issue in the underlying petition were: (1) whether counsel provided ineffective assistance for failing to object to factors considered at sentencing to increase petitioner's sentence, and (2) whether counsel provided ineffective assistance for failing

P:\PRO-SE\SJ.Rmw\HC.08\Welker551rec.wpd

to advise petitioner of the consequences of his conviction pursuant to California's Sexually Violent Predator's Act. The court noted that respondent had averred that he had filed all state transcripts relevant to these claims, including both the change of plea and sentencing hearings.

On September 27, 2010, petitioner filed a motion to reconsider the order denying the motion to compel. Petitioner stated that he needs these transcripts because they relate to petitioner's claim that counsel failed to advise petitioner of the consequences of his plea. Specifically, petitioner asserts that in at least one hearing, a transcript would demonstrate that petitioner requested removal of retained counsel and attempted to withdraw his plea based on counsel's failures.[1]

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Here, petitioner has not demonstrated any of these factors.

There is no entitlement to a free copy of the transcript when seeking collateral review. More specifically, in United States v. MacCollom, 426 U.S. 317, 326 (1976), the Supreme Court upheld 28 U.S.C. § 753(f), which allowed a free copy of transcripts for a federal habeas petitioner who demonstrated the petition was not frivolous and the transcript was necessary to its disposition. In addition, transcripts are only provided at government expense upon a showing of a particularized need for them, which are necessary to decide issues in a non-frivolous pending case. Id. at 323-30; see also United States v. Van Poyck, 980 F. Supp. 1108, 1111 n.2 (C.D.Cal. 1997). This court has already stated that if, after further review, it determines that further transcripts are necessary to resolve the claims in the petition, the court will order the hearings

---

[1] On August 9, 2010, petitioner also filed a motion for clarification, seeking confirmation that respondent's lodged exhibits did not include transcripts of the additional hearings requested by petitioner. Petitioner also appeared to question whether the court received and considered his July 26, 2010 reply to respondent's opposition to the motion to compel. Petitioner's motion for clarification is granted. The lodged exhibits filed by respondent did not include transcripts for the additional hearings requested by petitioner. Regarding the July 26, 2010 reply, the court duly considered it, along with the motion to compel and the opposition, prior to issuing its August 17, 2010 order denying the motion to compel.

1   transcribed and produced.  Petitioner is advised that in the meantime, he is not precluded from
2   personally ordering the requested hearings transcribed and paying for their production.
3       Petitioner's motion to reconsider is DENIED.
4       This order terminates docket no. 36.
5       IT IS SO ORDERED.
6   DATED: __11/30/10_____         *Ronald M. Whyte*
                                     RONALD M. WHYTE
7                                   United States District Judge

Order Denying Motion to Reconsider
P:\PRO-SE\SJ.Rmw\HC.08\Welker551rec.wpd       3