*E-FILED - 6/29/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WELKER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> WARDEN JAMES HARTLEY, ) <br> ) <br> Respondent. ) <br> ) | No. C 08-4551 RMW (PR) <br><br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

  Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed an answer addressing the merits of the petition. Petitioner has filed a traverse[1]. Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief based on the claims presented and denies the petition.

---

[1] Throughout this action, petitioner has claimed additional court transcripts are needed so that he can supplement his arguments. Respondent has stated that they have provided all transcripts relevant to petitioner's case. A review of the requested hearing dates demonstrates that petitioner indeed has all the relevant transcripts. The hearings involved petitioner's pre-sentencing request to withdraw his plea and obtain new counsel. Petitioner has not specified the relevance of these hearings to the claims presented herein. It appears petitioner wants the transcripts to assert ineffective assistance of counsel issues not presented to the California Supreme Court, which is not permitted at this stage.

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
N:\welker551hcden.wpd

# BACKGROUND[2]

The victim, an 11 year old girl in 2005, testified that her mother, Lisa, left her with petitioner, her stepfather, while Lisa stayed at the hospital with the victim's four-year-old sister, who was undergoing treatment for leukemia. (Resp't Ex. B at 1-2.) The victim and her brother fell asleep in her mother's bed while watching television. (Id. at 2.) Petitioner entered the bedroom and reached into her pajama bottoms to rub her vaginal area with two fingers. (Id.) Between March 1 and October 17, 2005, petitioner engaged in this conduct about 25 times. (Id.)

On April 6, 2006, petitioner pled guilty as charged to continuous sexual abuse of a child. (Id.) His subsequent motion to withdraw his plea was denied. (Id.) On November 21, 2006, the court sentenced petitioner to the middle term of 12 years. (Id.)

On direct appeal, the state appellate court affirmed the judgment, and the state supreme court denied the petition for review. Petitioner filed unsuccessful habeas petitions in the state appellate and supreme courts. The instant federal petition was filed on September 30, 2008.

# DISCUSSION

**A. Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies

---

[2] The facts of this case are taken from the California Court of Appeal opinion in People v. Welker, No. H031136 (Cal. App. 6 Dist. Feb. 11, 2008). (Resp't Ex. B.)

both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El, 537 U.S. at 340. The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

In determining whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000).

The standard of review under AEDPA is somewhat different where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim. In such a case, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. See Plascencia v. Alameida, 467 F.3d 1190, 1197-98 (9th Cir. 2006). When confronted with such a decision, a federal court should conduct "an independent review of the record" to determine whether the

1  state court's decision was an objectively unreasonable application of clearly established federal
2  law. Plascencia, 467 F.3d at 1198.

3  **B.  Petitioner's Claims**

4  Petitioner raises two ineffective assistance of counsel claims in his petition.

5  A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth
6  Amendment right to counsel, which guarantees not only assistance, but effective assistance of
7  counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The benchmark for judging any
8  claim of ineffectiveness must be whether counsel's conduct so undermined the proper
9  functioning of the adversarial process that the trial cannot be relied upon as having produced a
10 just result. Id.

11 In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner
12 must establish two things. First, he must establish that counsel's performance was deficient, i.e.,
13 that it fell below an "objective standard of reasonableness" under prevailing professional norms.
14 Id. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient
15 performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional
16 errors, the result of the proceeding would have been different." Id. at 694. A reasonable
17 probability is a probability sufficient to undermine confidence in the outcome. Id.

18             1.    Failure to object to aggravating factors

19 Petitioner claims that there was insufficient evidence to support the court's finding that
20 the victim was "particularly vulnerable" and the court should not have considered the victim's
21 "emotional distress" as an aggravating factor. (Pet., Attach. A at 5-6.) Petitioner claims that
22 counsel's failure to object to these two aggravating factors rendered his assistance ineffective.
23 (Id. at 6.)

24 At sentencing, the trial court imposed the twelve-year middle term as the result of
25 balancing three aggravating factors against two mitigating factors. (Resp't Ex. I at 30-31.) In
26 mitigation, the court noted appellant had no prior criminal past, and that appellant entered a plea
27 early on in the proceedings. (Id. at 31.) In aggravation, the court noted that appellant "took
28 advantage of a position of trust or confidence," as he was the victim's stepfather. (Id. at 28-29.)

1   Additional aggravating factors were that the victim suffered "a great deal of emotional distress,"
2   and was "particularly vulnerable" because of the difficult circumstances concerning her sister's
3   leukemia. (Id.)
4       The California Court of Appeal rejected petitioner's claim. (Resp't Ex. B. at 1.) It found
5   no abuse of sentencing discretion from the trial court's reliance on the aggravating factors that
6   the victim suffered great emotional distress and was particularly vulnerable. (Id. at 5.) Defense
7   counsel had argued at trial that emotional distress should not be used as an aggravating factor,
8   citing People v. Levitt, 156 Cal. App. 3d 500, 516-17 (1984). In Levitt, the court rejected the
9   bereavement of the victim's family as an aggravating factor because it was not rationally related
10  to the defendant's degree of culpability. (Id. at 4-5.) Here, the appellate court found that
11  petitioner's situation could be distinguished from Levitt because the victim's emotional distress
12  was not out of petitioner's control. (Id.) In fact, continued the appellate court, petitioner "made
13  a choice to continue sexually abusing the victim on each occasion notwithstanding her distress."
14  (Id.) As for the other aggravating factor, the appellate court reasoned that the victim was
15  particularly vulnerable not because her mother was absent from the home, as petitioner
16  suggested, but because the "the family was going through an extremely trying time." (Id.) The
17  appellate court concluded that the trial court was within its discretion to take the family
18  circumstance into account, and its "reliance on this factor was not error." (Id.)
19      Alternatively, the appeal court found no prejudice. (Id. at 5.) In California's determinate
20  sentencing system, "the existence of a single aggravating circumstance is legally sufficient to
21  make the defendant eligible for the upper term." (Id.) The court noted that petitioner took
22  advantage of his position of trust or confidence when he engaged in his conduct, an aggravating
23  factor that petitioner did not question. (Id.) This circumstance alone was sufficient to balance
24  the mitigating factors and impose the middle sentence. (Id.)
25      The Supreme Court has not decided what standard should apply to counsel's performance
26  in non-capital sentencing proceedings. Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th
27  Cir. 2005). Strickland declined to "'consider the role of counsel in an ordinary sentencing, which
28  . . . may require a different approach to the definition of constitutionally effective assistance,'"

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
N:\welker551hcden.wpd                                5

and no later Supreme Court decision has done so. Id. (quoting Strickland, 466 U.S. at 686). Consequently, there is no clearly established Supreme Court precedent governing ineffective assistance of counsel claims in the noncapital sentencing context and, as a result, under 28 U.S.C. § 2254(d)(1), habeas relief is not available based upon a claim of ineffective assistance of counsel at sentencing. See Davis v. Grigas, 443 F.3d 1155, 1158-59 (9th Cir. 2006). Furthermore, petitioner does not argue, nor does the record support, that the state court's determination of facts was objectively unreasonable. See 28 U.S.C. § 2254(d)(2). Thus, petitioner is not entitled to habeas relief.

Alternatively, even if the two-pronged Strickland test is applied, petitioner's claim still fails. Contrary to petitioner's claim, the trial counsel did argue that the evidence did not support findings that the victim was "particularly vulnerable." (Resp't Ex. I at 28-29.) Petitioner can only claim that counsel was deficient for not objecting to the aggravating factor of "emotional distress." Even if counsel would have objected to the emotional distress factor, petitioner fails to demonstrate prejudice. In California, "sentencing courts have wide discretion in weighing aggravating and mitigating factors." People v. Avalos, 47 Cal. App. 4th 1569, 1582 (1996). Over counsel's objection, the state appellate court found that the "particularly vulnerable" factor was applied correctly because the victim was particularly vulnerable due to the difficult circumstances surrounding the family, not the fact that she was left at home without her mother, as petitioner claims. Thus, the sentencing court had at least two viable aggravating factors – "particularly vulnerable" and "taking advantage of a position of trust or confidence" – to cancel out the two mitigating factors. (Resp't Ex. B at 6.) Counsel's objection to the emotional distress factor would not have made a difference.

Even if the trial court sustained the objections to the two challenged aggravating factors, the presence of only one aggravating factor would have been sufficient to balance against the mitigating factors because the court may weigh these factors in qualitative as well as quantitative terms. Avalos, 47 Cal. App. 4th at 1582. Indeed, one factor may warrant imposing an upper term. People v. Kellet, 134 Cal. App. 3d 949, 963 (1982). The aggravating factor of "taking advantage of a position of trust or confidence" was not challenged by petitioner, and that alone

1 can cancel out the two mitigating factors. Thus, petitioner cannot demonstrate prejudice.

2      Assuming <u>Strickland</u> applies, the California Court of Appeal's decision was not contrary
3 to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

4                  2.      <u>Failure to advise petitioner of consequences of guilty plea</u>

5      Petitioner claims that counsel did not tell him that then pending Senate Bill 1128 and
6 Proposition 83 ("Jessica's Law")[3] would extend the eligibility of sexually violent predator
7 ("SVP") treatment to offenders found guilty of only one, and no longer two, qualifying offenses;
8 that petitioner's offense would be a qualifying offense; that if petitioner was found to be a
9 sexually violent predator, he would be subject to indefinite civil commitment; and that it was
10 likely Senate Bill 1128 would become law in the state of California. (Pet., Attach. B at 11-12.)
11 Petitioner claims that counsel's assistance was ineffective because he failed to advise him of his
12 potential civil commitment as a result of a guilty plea. (<u>Id.</u> at 10.)

13      In support of petitioner's habeas petition, trial counsel signed a sworn statement stating
14 that he advised petitioner that if he did not plead guilty to one count of Penal Code section 288.5,
15 he would likely be charged and convicted of multiple counts and spend the rest of his life in jail.
16 (Pet. Ex. B.) Petitioner chose to enter a guilty plea on April 6, 2006. (Resp't Ex. F at 11.)
17 Petitioner alleges he did so to avoid a lifetime of incarceration. (Pet. Ex. A.) On September 20,
18 2006, Senate Bill 1128 was approved by the Governor, and on November 8, 2006, Proposition 83
19 was approved by voters. <u>See</u> Cal. Welf. & Inst. Code § 6600 (West 2011). Counsel stated that,
20 prior to petitioner's plea, he was unaware of then pending Senate Bill 1128, and if he had been
21 aware of it, he would have advised petitioner that he had the possibility of indefinite civil
22 commitment. (Pet. Ex. B.) Petitioner signed his own declaration stating that if he had known
23 entering a guilty plea to one count of Penal Code section 288.5 would expose him to indefinite

---

25      [3] As a result of the Jessica's Law reforms, Cal. Welf. & Inst. Code § 6600 was amended
26 by substituting "one or more" for "two or more" after "violent offense against" in subd (a)(1)
and substituting in subd (b) "defined in provision (a): a felony violation of Section 261, 262,
27 264.1, 269, 286, 288, 288a, 288.5, 289 of the Penal Code, or any felony violation of Section
207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of
28 Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code."

1  civil commitment pursuant to Senate Bill 1128, he would have not entered a guilty plea and
2  would have taken his case to trial.  (Pet. Ex. A.)
3        The California Court of Appeal summarily denied petitioner's claim.  (Resp't Ex. C.)
4        The decision whether or not to accept a plea offer is a critical stage of the prosecution at
5  which the Sixth Amendment right to counsel attaches.  Turner v. Calderon, 281 F.3d 851, 879
6  (9th Cir. 2002).  Therefore, the two-part test of Strickland applies to counsel's ineffective
7  assistance in advising a defendant to accept or reject a plea offer.  See Hill v. Lockhart, 474 U.S.
8  52, 57-58 (1985); Nunes v. Mueller, 350 F.3d 1045, 1051-53 (9th Cir. 2003) (rejecting attempt to
9  limit Hill to acceptance of plea offer).  The only challenges left open in federal habeas corpus
10 after a guilty plea is the voluntary and intelligent character of the plea and the nature of the
11 advice of counsel to plead.  Hill, 474 U.S. at 56-57.  A defendant who pleads guilty upon the
12 advice of counsel may only attack the voluntary and intelligent character of the guilty plea by
13 showing that the advice he received from counsel was not within the range of competence
14 demanded of attorneys in criminal cases.  Id.
15       Although petitioner states he would not have pled guilty if he was advised that Jessica's
16 Law was pending, he does not demonstrate that counsel's actions were objectively unreasonable.
17 Petitioner changed his plea on April 6, 2006, which occurred five months before Senate Bill
18 1128 became law on November 8, 2006.  Petitioner cites no case authority establishing that
19 reasonably competent defense counsel, before a plea is entered, must discern the prospects of
20 pending legislation and advise a defendant of the anticipated effect of such legislation on a
21 defendant's case if it becomes law.  After all, a court reviewing an ineffective assistance of
22 counsel claim must judge the reasonableness of counsel conduct "on the facts of the particular
23 case, viewed as of the time of counsel's conduct."  Strickland, 466 U.S. at 690.
24       Moreover, a plea is not voluntary unless it is "entered by one fully aware of the direct
25 consequences" of the plea.  Brady v. United States, 397 U.S. 742, 755 (1970).  Failure to inform
26 a defendant of the direct consequences of a guilty plea may therefore render a plea involuntary.
27 See, e.g., United States v. Benitez, 310 F.3d 1221, 1224-25 (9th Cir. 2002).  Although a
28 defendant is entitled to be informed of the direct consequences of the plea, the court need not

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
N:\welker551hcden.wpd
8

advise him of "all possible collateral consequences." See Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988). The distinction between a direct and collateral consequence of a plea turns on whether the result presents a definite, immediate and largely automatic effect on the range of the defendant's punishment. See id. at 236 (citation omitted).

Potential civil commitment is a collateral consequence because it is not a definite, immediate, and largely automatic effect on petitioner's punishment. George v. Black, 732 F.2d 108, 111 (8th Cir. 1984). Civil commitment may be imposed by an "entirely different body at a different time after a different set of proceedings with a different burden of proof." Id. "It is undisputed that civil commitment under the [Sexually Violent Predator Act] is a collateral consequence rather than a direct penal consequence and that the court was not obligated to advise defendant of that consequence." People v. Ibanez, 76 Cal. App. 4th 537, 546 (1999). Prerequisites to civil confinement as an SVP under Senate Bill 1128 include a diagnosed mental disorder, or a committed sexual offense by means of force, violence, duress, menace, or fear of immediate or future bodily harm. Cal. Welf. & Inst. Code § 6600(a)(1), (b), (c) (West 2011). Any determination that petitioner fulfills these requirements would require additional findings that would not be a "definite, immediate and largely automatic effect" of petitioner's punishment as a result of his guilty plea. Because counsel's failure to advise his client of collateral consequences cannot be held to be below the objective standard of reasonableness, as seen in Torrey, 842 F.2d at 237, petitioner fails to demonstrate that counsel's performance was deficient.

Accordingly, the state court's decision is not contrary to, nor an unreasonable application of Strickland.

## CONCLUSION

For the reasons set forth above, the court concludes that petitioner has failed to show a violation of his federal constitutional rights in the underlying state criminal proceedings. Accordingly, the petition for writ of habeas corpus is DENIED. The clerk shall terminate all pending motions and close the file.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have been amended

to require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED: 6/28/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge